UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TONYA L. LYON, | ) | CASE NO. 1:12-CV-1447 |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of Joseph W. Lyon, III, substitute plaintiff for Tonya L. Lyon[1] (collectively, "Lyon"), for attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). (Doc. No. 20.) The Commissioner of Social Security has filed a brief in opposition. (Doc. No. 22.) Lyon has filed a response. (Doc. No. 23.) For the reasons stated below, the motion is GRANTED as initially requested.

## I.  BACKGROUND

Lyon filed the instant action on June 8, 2012, seeking review of the Commissioner's denial of her application for Supplemental Security Income Disability benefits and Social Security Disability benefits. (Doc. No. 1.) The Commissioner filed an answer on September 6, 2012. (Doc. No. 11.) After Lyon filed her brief on the merits (Doc. No. 14), the Commissioner filed an unopposed motion to remand to the Social Security Administration. (Doc. No. 15.) Pursuant to sentence four of 42 U.S.C. § 405(g), the Court remanded for further proceedings on November 6, 2012. (Doc. No. 16.)

Lyon initially moved for attorney fees in the amount of $5,700.00, representing 38 total hours of service at a rate of $150.00 per hour. (Doc. No. 20 at 585.) The Commissioner opposed the request, asserting that the requested hourly rate and number of hours are unreasonable, and asks this Court to reduce the amount awarded to $3,375.00, representing 27 hours of work billed at $125.00 an hour, the statutory rate. (Doc. No. 22 at 602.) The Commissioner also opposes a direct payment to counsel. (*Id.*) In her reply brief, plaintiff increased her demand for attorney fees to $6,525.00, representing 43.5 hours of work billed at $150.00 per hour. (Doc. No. 23 at 608.)[2]

## II. DISCUSSION

### A. Requirements for EAJA Fees

The EAJA requires the government to pay, on timely motion, a prevailing social security plaintiff's attorney's fees and costs[3] "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1); *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Howard v. Barnhart*, 376 F.3d 551, 553 (6th Cir. 2004). In *Shalala v. Schaefer*, 509 U.S. 292 (1993), the Court held that "prevailing party" status was achieved within the meaning of the EAJA when the plaintiff succeeded in securing a sentence four remand order, which differs from a sentence six order in that it "terminates the litigation with victory for the plaintiff[.]" *Id.* at 300-01; *see also Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 723 (6th Cir. 2012). "Allowing fee awards for sentence-four remands also furthers the EAJA's purpose of 'eliminat[ing] for the average person the financial

---

[1] On January 23, 2013, of Notice of Suggestion of Death of Plaintiff was filed. (Doc. No. 18.)
[2] The increased demand reflects the time spent by counsel responding to the brief in opposition to attorney fees.
[3] Amounts awarded under the EAJA are in addition to any benefits awarded. *Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 723 (6th Cir. 2012) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 795-986 (2002)).

disincentive to challenge unreasonable governmental actions' through fee-shifting." *Turner*, 680 F.3d at 724 (quoting *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 163 (1990)).

All the requirements for EAJA fees are met in this case. The motion was timely, and plaintiff is the prevailing party under *Shalala*. Further, plaintiff alleges, and the Commissioner does not dispute, that the Commissioner's position was not substantially justified. The parties reserve their dispute for the amount of fees to be awarded.

**B. Hourly Rate**

The EAJA provides that the amount of any attorney fee awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justify a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). "In requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009).

Here, plaintiff requests an hourly rate of $150, based upon an increased cost of living, as reflected in the Consumer Price Index ("CPI"). Additionally, plaintiff states that the Ninth Circuit's EAJA hourly rate for 2012 is $183.73 and that the prevailing rate for local Medina attorneys with ten or more years of experience is $200.00 per hour. (Doc. No. 20-2 at 591.) Plaintiff's counsel does not practice in the Ninth Circuit, nor does he have ten years of experience. Nonetheless, the Court takes these arguments into account. The Commissioner opposes any increase, arguing that, in *Bryant*, the Sixth Circuit held that a district court did not abuse its discretion in declining to increase the rate based solely on the CPI and the rate of

3

inflation. The Commissioner argues that plaintiff has failed to provide an explanation for increased fees beyond the CPI itself. (Doc. No. 22 at 599.) In her reply, plaintiff provides three affidavits from local attorneys, all of which state that the prevailing local rate for civil litigation is $200.00 per hour and that plaintiff's counsel's rate of $150.00 per hour is, therefore, reasonable. (Doc. Nos. 23-2, 23-3, 23-4).

The Court concludes that plaintiff has met her burden of establishing the need for an increased rate, and the Court will permit the rate of $150.00 per hour.

**C. Hours Worked**

The Commissioner also challenges plaintiff's claim for 38 hours of work, arguing that, in the Northern District of Ohio, "attorneys of record have traditionally been awarded fees for expending approximately *25 hours* to successfully defend the case and prepare the fee application." (Doc. No. 22 at 602, citing *Perry v. Comm'r of Soc. Sec.*, No. 3:09cv1847, 2011 WL 7096614 (N.D. Ohio Dec. 15, 2011).) There is nothing magic about a particular number of hours. Rather, the Court must examine the hours claimed and determine whether any are excessive, redundant or unnecessary. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (applying Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988). Here plaintiff's counsel seeks to be awarded for 38 hours, hardly an exorbitant amount; further, this number of hours is supported by a reasonable itemization that reflects no excessive, redundant, or unnecessary services. (*See* Doc. No. 20-3.)

The Court concludes that 38 hours was a reasonable amount of time for the legal services received. The Court will not award attorney fees for the 5.5 hours spent on the reply brief, which would bring the amount of time spent on attorney fees in this case to a full 10 of the 43.5 hours of legal services claimed. The additional affidavits and arguments made in the reply

4

brief, particularly counsel's evidence of the prevailing rates in the community, should have appeared in the initial motion, per *Bryant*. The Court will not award this neglect with increased fees. In conclusion, the Court will award plaintiff $5,700.00 in attorney's fees (38 hours x $150/hour) under the EAJA.

### D. Person Entitled to Payment

Plaintiff seeks an order that the amount awarded be paid directly to counsel, pursuant to an assignment executed by substitute plaintiff Joseph W. Lyon, III. (Doc. No. 20-1.)

In *Astrue v. Ratliff*, 560 U.S. 586 (2010), the Supreme Court held that EAJA fees are payable to the plaintiff and are subject to setoff if the plaintiff has outstanding federal debts. The Court also implicitly recognized that the payment could be made directly to a plaintiff's attorney only in cases where the plaintiff both owes no debt to the government and had assigned any right to EAJA fees to the attorney. Accordingly, some courts have permitted fee awards to be paid directly to counsel where it can be determined that the claimant does not owe a debt to the government that could be offset by the award. *See Oliver v. Comm'r of Soc. Sec.*, 916 F. Supp. 2d 834, 836-37 (S.D. Ohio 2013) (recognizing the practice and collecting cases)*; see, e.g., Greer v. Comm'r of Soc. Sec.*, Civil Action No. 11-10330, 2013 WL 1212882, at *3 (E.D. Mich. Feb. 28, 2003).

Here, Lyon, through substitute plaintiff Joseph W. Lyon, III, has assigned her rights to EAJA fees awarded as a result of a remand. (*See* Doc. No. 20-1.) However, plaintiff has made no showing that she owes no debt to the government, such that it would be appropriate for this Court to order an immediate, direct payment to plaintiff's counsel. The Commissioner has not indicated whether there is a preexisting debt, but states that it "will evaluate the propriety of directing payment to the attorney pursuant to an agreement." (Doc. No. 22 at 602.)

Therefore, the Court orders the Commissioner (in consultation with plaintiff's attorney) to determine within 30 days of the date of this order whether plaintiff owes a preexisting debt to the United States, to offset that debt (if any) against the award herein, and to thereafter direct the Treasury Department to pay any balance remaining to plaintiff's attorney (pursuant to the attorney's fee assignment entered into by plaintiff and her attorney). Payment shall be sent to the business address of plaintiff's attorney.

### III. CONCLUSION

For the reasons set forth above, plaintiff's motion is **GRANTED** as initially requested, and the Court **AWARDS** attorney fees to plaintiff in the amount of $5,700.00, payable to plaintiff's attorney, less any preexisting debt the plaintiff owes to the government, as determined following the procedure outlined in the preceding paragraph.

**IT IS SO ORDERED**.

Dated: November 26, 2013

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**